IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN B. FREITAS,

    Plaintiff,

v.

CLEAR RECON CORPORATION, BANK OF AMERICA, N.A., QUALITY LOAN SERVICE CORPORATION, THE BANK OF NEW YORK MELLON, JPMORGAN CHASE BANK, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECON TRUST COMPANY, N.A., GREEN POINT MORTGAGE FUNDING, INC., CITIMORTGAGE FINANCIAL, INC., NATIONSTAR MORTGAGE LLC, FIDELITY NATIONAL FINANCIAL VENTURE, and TITLE365 COMPANY,

    Defendants.

No. C 18-03993 WHA

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

## INTRODUCTION

*Pro se* plaintiff filed an emergency application for a restraining order to halt an impending foreclosure sale on his property. According to plaintiff, he has lived in the home since 2010 without paying rent or a loan payment. For the reasons stated herein, plaintiff's application is **DENIED**.

## STATEMENT

In February 2004, *pro se* plaintiff John Freitas took out a $333,700 loan from Reunion Mortgage, Inc., evidenced by a promissory note and secured by a deed of trust on real property

located in Newark, California. The deed, recorded the following month, identified MERS as the beneficiary and nominee, and provided that MERS could "foreclose and sell" the Newark property (Dkt. No. 8-2).[1]

In February 2018, U.S. Bank National Association, the then-beneficiary of the deed of trust, recorded a substitution of trustee naming Clear Recon Corp as trustee of the deed. Also in February 2018, Clear Recon recorded a notice of default pursuant to the deed of trust (Dkt. Nos. 8-3, 8-4).

On May 31, plaintiff wrote a letter to Clear Recon and asserted that the underlying debt had been discharged in bankruptcy in 2015 and that Clear Recon did not have possession of the original promissory note and deed of trust. Clear Recon did not respond to plaintiff's letter. Rather, on June 6, it recorded a notice of trustee's sale, setting the sale for July 10. Plaintiff asserts that he then sent a second request for Clear Recon to send him a copy of the original promissory note and deed of trust but presents no sworn evidence to that effect (Dkt. Nos. 2, 2-4, 8-5).

Plaintiff commenced the current action on July 3, naming twelve defendants. Plaintiff's claims include: (1) unfair and deceptive consumer practices with respect to loan servicing, foreclosure processing, and loan origination; (2) violation of the Financial Institutions Reform, Recovery and Enforcement Act of 1989; (3) declaratory judgment; (4) bankruptcy misconduct; (5) quiet title; (6) slander of title; (7) conspiracy to slander title; (8) violation of Section 2923.5 of the California Civil Code; and (9) violation of Section 17200 of the California Business and Professions Code (Dkt. No. 1).[2]

---

[1] According to the documents attached to the complaint, plaintiff has taken out at least four home loans or lines of credit, each secured by a separate deed of trust on the Newark property. Although plaintiff spills much ink in the complaint regarding these various deeds of trust, this order only discusses them to the extent necessary to resolve the instant motion.

[2] Defendants note that plaintiff filed a nearly-identical complaint and application for a temporary restraining order in state court in June 2018. A hearing on plaintiff's temporary restraining order was scheduled in Alameda Superior Court for July 9 but has since been continued to July 23. While plaintiff asserts that the Superior Court has issued a temporary restraining order, nothing in plaintiff's submissions support this assertion.

2

Also on July 3, plaintiff filed the instant application for a temporary restraining order, arguing that there is a likelihood of success on the merits of his claims and that he will suffer irreparable injury if his residence is foreclosed upon. That same day, an order temporarily enjoined defendants from conducting a foreclosure sale pending a hearing on plaintiff's application. Defendants MERS and Nationstar Mortgage LLC filed an opposition to the application on July 12. This order also follows oral argument on July 16 (Dkt. Nos. 2, 6–9).[3]

**ANALYSIS**

A plaintiff seeking a preliminary injunction must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008). In balancing these factors, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2010) (citation omitted).

**1. PLAINTIFF HAS NOT RAISED "SERIOUS QUESTIONS" REGARDING THE CLAIMS IN HIS COMPLAINT.**

Plaintiff has not offered legal arguments and evidence in support of his request for a temporary restraining order that raise even serious questions going to the merits. Plaintiff points to various instances of alleged wrongful conduct to support his grab-bag of claims, none of which has merit. This order addresses each theory in turn.

---

[3] In opposing the application, defendants seek judicial notice of five records: (1) the online docket from *John B. Freitas v. Clear Recon Corp., et al.*, Case. No. HG18908688, pending in the Superior Court of California, County of Alameda; (2) the deed of trust, (3) the substitution of trustee; (4) the notice of default, and (5) the notice of trustee's sale (Dkt. No. 8). The first document is irrelevant for purposes of the instant application. Defendants' request for judicial notice of this document is **DENIED**. The remaining documents were recorded in the Official Records of Alameda County. Accordingly, each is a public record, the authenticity of which is capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. *See Wolf v. Wells Fargo Bank, N.A.*, No. C 11-01337 WHA, 2011 WL 4831208, at *2 (N.D. Cal. Oct. 12, 2011). Plaintiff does not oppose this request. Defendants' remaining requests for judicial notice are accordingly **GRANTED**.

3

*First,* plaintiff contends that the deed of trust is void because it was not executed by the lender. But it is the owner of the property that must sign a deed, not the grantee. Plaintiff cites no authority indicating that a valid deed of trust requires the lender's signature. Nor does plaintiff indicate where on the deed of trust the lender should have signed. Plaintiff cites only to *OC Interior Servsices, LLC v. Nationstar Mortgage, LLC*, 7 Cal. App. 5th 1318, 1336 (2017), but that case addressed the effect of a void default judgment on a chain of title, not a purportedly unexecuted deed of trust.

To the extent plaintiff contends that subsequent assignments and substitutions of trustee were unauthorized, the terms of the deed of trust explicitly permitted such transfers. The deed named MERS as beneficiary and nominee for Reunion Mortgage and Reunion Mortgage's successors and assigns, and further stated that MERS had the right "to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." The deed further stated that the promissory note, or a "partial interest" in the note, together with the deed of trust could "be sold one or more times without prior notice to [plaintiff]." Nothing in the complaint or plaintiff's application shows that MERS or subsequent holders lacked the authority to assign beneficial interest in the deed.

In turn, U.S. Bank, acting on behalf of the beneficiary, had the authority to substitute Clear Recon as trustee in 2018. *See, e.g.*, *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334 (2008) ("The beneficiary may make a substitution of trustee . . . to conduct the foreclosure and sale"). The trustee holds a power of sale. If the debtor defaults on the loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure sale. *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919, 926 (2016). Clear Recon, as a substituted trustee under the deed of trust, therefore had the authority to start the foreclosure process by recording the notice of default and notice of trustee's sale.

*Second*, plaintiff asserts that two "substitutions of trustee and full reconveyance" and one "full reconveyance" recorded in connection with the Newark property demonstrate that the home loan underlying the February 2004 deed of trust has been paid in full. Not so. These substitutions of trustee and reconveyances were recorded in connection with wholly separate

4

deeds of trust. The first document concerns a deed of trust recorded in July 2004 and securing a line of credit of $217,300 by GreenPoint Mortgage Funding, Inc. The second concerns a deed of trust recorded in October 2005 and securing a $349,840 home loan from Countrywide Bank, N.A. The third concerns a deed of trust recorded in November 2002 (Dkt. Nos. 1-1, 2-3, 2-4).

At the July 16 hearing, plaintiff asserted that he had paid off his mortgage loan in 2010. Both parties then agreed to submit supplemental declarations demonstrating whether or not the loan had been extinguished through repayment. Defendants submitted a declaration from Fay Janati, a "Sr. Assistant Secretary Litigation Support/Research Manager" at Nationstar Mortage, the servicer of the loan at issue in this action, who declared under penalty of perjury that plaintiff's loan was not paid off in 2010 or any time thereafter, that the unpaid balance of the loan is $244,507.19, and that "[n]either Nationstar nor any of its predecessors-in-interest received a payoff of the Loan" (Dkt. Nos. 13, 19). Plaintiff's declaration, by contrast, does not state that he actually paid off the loan. Rather, he merely repeats his arguments that "[t]he alleged debt(s) have been satisfied by, among other things, the issuance of three (3) Deeds of Full Reconveyance" (Dkt. No. 11). As explained above, however, the cited deeds do not demonstrate that plaintiff repaid his February 2004 home loan. Plaintiff accordingly failed to provide any evidentiary support for his contention that he repaid the $333,700 loan from Reunion Mortgage.

*Third*, plaintiff incorrectly asserts that the 2018 substitution of trustee, notice of default, and notice of trustee's sale are all invalid because the original lender under the deed of trust dissolved in November 2014. Contrary to plaintiff, the deed of trust expressly designated MERS as the beneficiary and nominee not only for the "Lender" but also for the "Lender's successors and assigns." California law accordingly allowed MERS to act as the lender's nominee or agent even after the original lender went out of business. *Ghuman v. Wells Fargo Bank, N.A.*, 989 F. Supp. 2d 994, 1002 (E.D. Cal. 2013) (Judge Anthony W. Ishii).

Similarly lacking in merit is plaintiff's argument that these same documents are invalid because they were signed by various agents as "attorneys-in-fact" without defendants

1 providing any "confirmation of the status of the signer as being authorized to sign the subject
2 document on behalf of the corporation." It is unclear why this alleged failure would provide a
3 basis to prevent the trustee's sale or otherwise allow plaintiff to challenge the foreclosure
4 proceedings.

*Fourth,* plaintiff next contends that any debt previously owed to defendants has been discharged in Chapter 7 bankruptcy proceedings. But "a bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor *in personam* — while leaving intact another — namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). In other words, "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id*. at 83. Accordingly, even if plaintiff discharged the underlying debt in bankruptcy, the debt may still be "collected" through foreclosure. This is true even if defendants failed to file a proof of claim in plaintiff's petition for relief under Chapter 7. *Bryant v. J.P. Morgan Chase Bank, N.A.*, 671 F. App'x 985, 986 (9th Cir. 2016).

*Fifth*, plaintiff argues that the notice of default and notice of trustee's sale failed to adhere to the requirements of the California Homeowner Bill of Rights. Specifically, plaintiff contends that defendants failed to adhere to applicable notice requirements and have refused to provide plaintiff with requested copies of the deed of trust and promissory note. As an initial matter, the disclosure requirements in former Section 2923.55(b)(1)(B) of the California Civil Code automatically sunset on January 1, 2018. Moreover, former Section 2923.55(b)(1)(B) did not require mortgage services "actually to supply the documents; it require[d] only that the mortgage servicer provide '[a] statement that the borrower may request' them." *Asturias v. Nationstar Mortg. LLC*, No. 15-cv-03861, 2016 WL 1610963, at *4 (N.D. Cal. Apr. 22, 2016) (Judge Richard Seeborg).

*Sixth*, plaintiff asserts that defendants cannot foreclose on the Newark property because they do not possess or control the "original" promissory note and deed of trust. Plaintiff points to no provision of the California Civil Code requiring such physical possession, and courts in this district, including the undersigned judge, regularly reject arguments that physical

6

possession of the original note or deed of trust is required to initiate foreclosure. *See, e.g.*, *Cadenasso v. Bank of Am.*, No. 12-cv-5261, 2013 WL 12174297, at *4 (N.D. Cal. Jan. 8, 2013) (Judge Edward Chen); *Tangonan v. Wells Fargo Bank N.A.*, No. 17-cv-02707, 2017 WL 5900189, at *4 (N.D. Cal. Nov. 30, 2017) (Judge William Alsup).[4]

To the extent plaintiff also suggests that the deed of trust became invalid when the promissory note was securitized, our court of appeals has limited foreclosure claims based on the "separation of the note" theory to times where the note and deed were "irreparably split." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043–44 (9th Cir. 2011). That decision rejected the plaintiff's argument that the foreclosure on a home loan tracked in the MERS system was "wrongful" because the system split the deed from the note, explaining that such a split "only renders the mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agents of the lenders." Here, plaintiff fails to make clear if and how the note and deed of trust were irreparably split, or why defendants were not acting as agents of the lender.

*Seventh*, plaintiff's claims that he "never received notice" of the deed of trust and "did not sign" it wholly lack credibility. The signed and notarized deed of trust has been on record with the Alameda County Recorder's Office since March 2004.

## CONCLUSION

For the foregoing reasons, the application for a temporary restraining order is **DENIED**. The injunction issued on July 3 is hereby **DISSOLVED**. Nothing in this order prevents defendants from moving forward with a lawful foreclosure sale.

**IT IS SO ORDERED.**

Dated: July 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[4] Defendants' counsel represented to the Court at the July 16 hearing that he would produce a copy of the note. Counsel has failed to do so. Nevertheless, as discussed above, physical possession of the note is not necessary to initiate foreclosure.

7